**Opinion filed November 7, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00294-CV

_____

## JOSEPH B. ROE, JR., Appellant

## V.

## MIKE MCQUITTY, DAVID DECKER, AND C. BOYD FINCH, Appellees

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CV-52,446**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment granted in favor of Mike McQuitty, David Decker, and C. Boyd Finch in a suit in which Appellant, Joseph B. Roe, Jr., sought to recover damages for fraudulent transfer in violation of the Uniform Fraudulent Transfer Act. *See* TEX. BUS. & COM. CODE ANN. § 24.005 (West 2015). In two issues, Appellant argues that the trial court erred (1) when it denied his motion for summary judgment and (2) when it granted Appellees' motions for summary judgment. We affirm.

## Background Facts

On March 22, 2011, Appellant was injured while in the scope of his employment at Lajitas Holdings, LLC. On April 2, 2012, Lajitas Holdings filed a certificate of termination of a domestic entity with the Texas secretary of state, which had the effect of "winding up" the entity.[1] Several months later, on August 24, 2012, Appellant filed suit against Lajitas Holdings to recover damages related to his 2011 injuries. After failing to appear, the trial court entered a default judgment against Lajitas Holdings. The judgment consisted of $352,512 for actual and compensatory damages and an additional $70,502.40 in prejudgment interest.

Appellant filed the present suit seeking to recover assets from Lajitas Holdings, which, he alleges, were fraudulently transferred to Appellees. After litigation began, the parties filed the following motions for summary judgment:

- Appellant filed a traditional motion for summary judgment;
- Appellee Finch filed traditional and no-evidence motions for summary judgment;
- Appellees McQuitty and Decker filed a no-evidence motion for partial summary judgment;
- Appellees McQuitty and Decker filed a traditional motion for summary judgment.

After hearing each summary judgment motion, the trial court denied Appellant's motion for summary judgment and granted summary judgment in favor of all Appellees. This appeal followed.

## Issues Presented

In Appellant's two issues on appeal, he argues (1) that his motion for summary judgment should have been granted and (2) that Appellees' motions for summary judgment should have been denied. For clarity, these issues will be analyzed jointly.

---

[1] *See* TEX. BUS. ORGS. CODE ANN. § 11.101 (West 2012); *see also id.* §§ 11.001, .051–.056 (West 2012 & Supp. 2018).

*Uniform Fraudulent Transfer Act*

Before we determine the appropriateness of granting summary judgment in this case, we must first review the elements of a fraudulent transfer claim under Section 24.005 of the Texas Business and Commerce Code. According to Section 24.005(a):

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> > (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
> >
> > (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> >
> > > (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> > >
> > > (B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

BUS. & COM. § 24.005(a); *see Doyle v. Kontemporary Builders, Inc.*, 370 S.W.3d 448, 453 (Tex. App.—Dallas 2012, pet. denied). The burden of proving these elements is on the creditor. *Doyle*, 370 S.W.3d at 453.

*Summary Judgment*

We review grants of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). In our review, we take as true all evidence favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

In this case, Appellees filed both no-evidence and traditional motions for summary judgment. When parties move for both no-evidence and traditional summary judgments, we first consider the no-evidence motions. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the nonmovant fails to overcome the no-evidence motions, there is no need to address the challenges to the traditional motions. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Accordingly, we first review claims under the no-evidence standard, and any claims that survive the no-evidence review will then be reviewed under the traditional standard.

To defeat a no-evidence motion, the nonmovant must produce evidence raising a genuine issue of material fact as to the challenged elements. *See Ridgway*, 135 S.W.3d at 600. A genuine issue of material fact exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). The evidence does not create an issue of material fact if it is "so weak as to do no more than create a mere surmise or suspicion" that the fact exists. *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014) (quoting *Ridgway*, 135 S.W.3d at 601).

In their no-evidence motions, Appellees properly asserted, among other things, that there was no evidence that Appellees "made any transfer of assets . . . concerning Lajitas Holdings, LLC." In response, Appellant continuously points out that Appellees filed a certificate of termination with the Texas secretary of state. Indeed, Appellant fails to mention a single asset that was supposedly transferred *from* Lajitas Holdings *to* Appellees. Winding up an entity, however, is not evidence of a transfer of assets as required under Section 24.005. *See* BUS. & COM. § 24.002(12) (West Supp. 2018).

The Texas Business and Commerce Code defines a transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." *Id.* To be sure, it is easy to imagine a scenario in which an entity winds up, but no assets are transferred—for instance, when no assets remain. Nevertheless, Appellant's argument rests on the assumption that, during or after the winding up of Lajitas Holdings, its assets were transferred to Appellees for the purpose of defrauding Appellant. Because there is no evidence to support this assumption, we overrule Appellant's second issue. Further, because Appellant failed to conclusively establish each of the essential elements of his cause of action, we overrule Appellant's first issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


KEITH STRETCHER

JUSTICE


November 7, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.